UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE ALEXANDER BROWN,

    Plaintiff,

v.                                                         Case No. 09-C-531

ROBERT KRIZ, et al.,

    Defendants.

**ORDER**

Plaintiff Brown, who is confined at the Sand Ridge Secure Treatment Center under a civil commitment as a sexually violent person, *see* Wis. Stat. ch. 980, has filed an action under 42 U.S.C. § 1983 claiming that his constitutional rights have been violated.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. And because he is under a Chapter 980 commitment, as opposed to a sentence for a crime, the Prisoner Litigation Reform Act ("PLRA"), which, *inter alia*, requires payment of the full filing fee over time, does not apply. *West v. Macht*, 986 F. Supp. 1141, 1142-43 (W.D. Wis. 1997).

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability

"to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff filed the required affidavit of indigence. He states that he does have an institutional job for which he receives $11 to $30 per month. Where it is not economically unfair for a plaintiff to pay a portion of the filing fee, I have authority to order payment of a portion of the expense while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987). Here, however, I conclude Plaintiff does not have sufficient income or assets to pay a meaningful portion of the filing fee. Accordingly, the entire filing fee will be waived.

Though individuals who are involuntarily committed, rather than convicted, are not deemed prisoners under the PLRA, I nevertheless maintain a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). With these standards in mind, I now turn to the allegations of the complaint.

Plaintiff's principal complaint is about money. He asserts that the Wisconsin Resource Center (his previous residence) did not provide him with enough money to fund his litigation (this

is his sixth lawsuit in federal court in the last three years). He asserts that there is an indigency policy but that the Defendants refuse to qualify him for it, in violation of state statutes. Violations of state statutes are generally not remediable in federal court against in-state defendants, however, and accordingly I will dismiss those claims without prejudice. Plaintiff does cite the United States Constitution in decrying "unconstitutional slavery," but he does not state a claim there either. The fact that the institution garnishes his pay to cover his legal costs does not result in "slavery." The premise of Plaintiff's complaint is that inmates or other wards of the state are entitled to litigate at no expense, but that is not true. *See Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) ("The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice.") (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). Moreover, as Plaintiff himself has shown, both in filing this suit and the five others in the last three years, his access to the courts has hardly been hindered. Accordingly, because the complaint fails to state any grounds upon which federal relief may be granted, it will be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted, meaning that the entire filing fee is waived. The complaint, however, is **DISMISSED**.

Dated this   21st   day of July, 2009.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
